John R. Kormanik, # 5850
**Kormanik Hallam & Sneed LLP**
206 W. Jefferson Street
Boise, Idaho 83702
Telephone: (208) 288-1888
Fax: (866) 821-9543
jrk@khsidaholaw.com

Virginia Stevens Crimmins, *pro hac forthcoming*
**Crimmins Law Firm LLC**
214 S. Spring Street
Independence, Missouri 64050
Telephone: (816) 974-7220
Fax: (855) 974-7020
v.crimmins@crimminslawfirm.com

**COUNSEL FOR PLAINTIFFS**

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| **CHRISTIAN OLSON**, on behalf of himself and others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>**S & S RESTAURANTS LLC**<br> a/k/a **S AND S RESTAURANT LLC**<br> d/b/a **PAPA JOHN'S**<br><br>    Defendant. | Case No. 1:15-cv-00136<br><br><br><br>**COMPLAINT AND JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Christian Olson, individually and on behalf of all other similarly situated delivery drivers, for his Complaint against Defendant S & S Restaurants LLC, a/k/a S and S Restaurant LLC d/b/a Papa John's, alleges as follows:

1. Defendant S & S Restaurants LLC, a/k/a S and S Restaurant LLC d/b/a Papa John's (hereinafter "S & S" or "Defendant") owns and operates approximately 11 Papa John's pizza franchise restaurants, including in the state of Idaho. Defendant employs delivery drivers who use their own automobiles to deliver pizza and other food items to customers. Instead of reimbursing these drivers for the reasonably approximate cost of the business use of their vehicles, Defendant uses a flawed method to determine reimbursement rates that provides such an unreasonably low rate beneath any reasonable approximation of the expenses they incur that the drivers' unreimbursed expenses cause their wages to fall below the federal minimum wage during some or all workweeks.

2. Plaintiff Christian Olson (hereinafter "Plaintiff") brings this lawsuit as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, to recover unpaid minimum wages owed to himself and similarly situated delivery drivers employed by Defendant at its Papa John's restaurants.

## JURISDICTION AND VENUE

3. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claim is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue in this district is proper under 28 U.S.C. § 1391 because Defendant operates Papa John's franchise restaurants in the District of Idaho, Defendant employed Plaintiff

within this District, and a substantial part of the events giving rise to the claim herein occurred in this District.

## PARTIES

5. Defendant is an existing Idaho limited liability company maintaining its principal place of business in Meridian, Idaho, which has owned and operated several Papa John's franchise restaurants within the District of Idaho during the time period applicable to this lawsuit.

6. Plaintiff was employed by Defendant from approximately July 2011 to August 2014 as a delivery driver at Defendant's Papa John's restaurant on Meridian Road, in Meridian, Idaho. Plaintiff's Consent to Become a Party Plaintiff under 29 U.S.C. § 216(b) is attached hereto as Exhibit 1.

## GENERAL ALLEGATIONS

*Defendant's Business*

7. Defendant owns and operates approximately 11 Papa John's franchise restaurants, including in the state of Idaho.

8. Defendant's Papa John's franchise restaurants employ delivery drivers who all have the same primary job duty: to deliver pizzas and other food items to customers' homes or workplaces.

*Defendant's Flawed Reimbursement Policy*

9. Defendant requires its delivery drivers to maintain and pay for safe, legally-operable, and insured automobiles when delivering pizzas and other food items.

10. Defendant's delivery drivers incur costs for gasoline, vehicle parts and fluids, repair and maintenance services, insurance, depreciation, and other expenses ("automobile expenses") while delivering pizzas and other food items for the primary benefit of Defendant.

11. Defendant's delivery driver reimbursement policy reimburses drivers on a per delivery basis, but given the distance of the average delivery, the per delivery reimbursement equates to a per mile flat rate far below the IRS business mileage reimbursement rate or any other reasonable approximation of the cost to own and operate a motor vehicle. This policy applies to all of Defendant's delivery drivers.

12. The result of Defendant's delivery driver reimbursement policy is a reimbursement of much less than a reasonable approximation of its drivers' automobile expenses.

13. During the applicable FLSA limitations period (3 years back from the date of filing of this Complaint), the IRS business mileage reimbursement rates were: $.555 (2012), $.565 (2013), $.56 (2014) and $.575 (2015) per mile. Likewise, reputable companies that study the cost of owning and operating a motor vehicle and/or reasonable reimbursement rates, such as the American Automobile Association ("AAA"), have determined during the same time period that the average cost of owning and operating a vehicle was $.596 (2012), $.608 (2013) and $.592 (2014) per mile for drivers who drive 15,000 miles per year. These figures represent a reasonable approximation of the average cost of owning and operating a vehicle for use in delivering pizzas.

14. The driving conditions associated with the pizza delivery business cause more frequent maintenance costs, higher costs due to repairs associated with driving, and more rapid depreciation from driving as much as, and in the manner of, a delivery driver. Defendant's delivery drivers further experience lower gas mileage and higher repair costs than the average driver used to determine the average cost of owning and operating a vehicle described above due

to the nature of the delivery business, including frequent starting and stopping of the engine, frequent braking, short routes as opposed to highway driving, and driving under time pressures.

15. Defendant's reimbursement policy does not reimburse delivery drivers for even their ongoing out-of-pocket expenses, much less other costs they incur to own and operate their vehicle, and thus Defendant uniformly fails to reimburse its delivery drivers at any reasonable approximation of the cost of owning and operating their vehicles for Defendant's benefit.

16. Defendant's systematic failure to adequately reimburse automobile expenses constitutes a "kickback" to Defendant such that the hourly wages it pays to Plaintiff and Defendant's other delivery drivers are not paid free and clear of all outstanding obligations to Defendant.

17. Defendant fails to reasonably approximate the amount of its drivers' automobile expenses to such an extent that its drivers' net wages are diminished beneath the federal minimum wage requirements.

18. In sum, Defendant's reimbursement policy and methodology fail to reflect the realities of delivery drivers' automobile expenses.

***Defendant's Failure to Reasonably Reimburse Automobile Expenses Causes Minimum Wage Violations***

19. Regardless of the precise amount of the per delivery reimbursement at any given point in time, Defendant's reimbursement formula has resulted in an unreasonable underestimation of delivery drivers' automobile expenses throughout the recovery period, causing systematic violations of the federal minimum wage.

20. Plaintiff was paid between $6 and $7 per hour from approximately July 2011 to August 2014.  The federal minimum wage rate has been $7.25 an hour since 2009.

21. Plaintiff drove a 2004 Pontiac Grand Am while delivering pizzas and other food items for Defendant.

22. During Plaintiff's employment with Defendant, the standard per delivery reimbursement rate at the store where Plaintiff worked was $1.00.

23. During his employment with Defendant, Plaintiff experienced an average round-trip delivery distance of at least 7 miles.

24. Thus, during the applicable limitations period, Defendant's average effective reimbursement rate for Plaintiff was approximately $0.14 per mile ($1.00 per delivery/ 7 miles per delivery).

25. During this same time period, IRS business mileage reimbursement rates were $.555 (2012), $.565 (2013) and $.56 (2014), which reasonably approximated the automobile expenses incurred delivering pizzas. Using the IRS rates as a reasonable approximation of Plaintiff's automobile expenses, every mile driven on the job decreased his net wages by an average of approximately $.42 (taking average of IRS rates for three-year period $.56 - $.14 ) per mile or more.  Therefore, Defendant under-reimbursed Plaintiff on average at least $2.94 ($.42 x 7 miles) or more per delivery.

26. During his employment by Defendant, Plaintiff typically averaged approximately 1.5 deliveries per hour.

27. Thus, comparing Defendant's reimbursement rate to the IRS rate, Plaintiff has consistently "kicked back" to Defendant on average approximately $4.41 per hour (based on $2.94 per delivery x 1.5 deliveries per hour) for an effective average hourly wage rate of $ 2.59 ($7.00 - $4.41), well below the applicable federal minimum wage rate of $7.25.

28. Because Defendant failed to keep detailed contemporaneous records of its delivery drivers' actual expenses, Plaintiff and the class of delivery drivers are entitled to be reimbursed at the IRS rate.

29. All of Defendant's delivery drivers had similar experiences to those of Plaintiff. They were subject to the same reimbursement policy; received similar reimbursements; incurred similar automobile expenses; completed deliveries of similar distances and at similar frequencies; and were paid at or near the federal minimum wage before deducting unreimbursed business expenses.

30. Because Defendant paid its delivery drivers a gross hourly wage at or very close to the federal minimum wage rate, and because the delivery drivers incurred unreimbursed automobile expenses, the delivery drivers "kicked back" to Defendant an amount sufficient to cause the minimum wage violations.

31. While the amount of Defendant's actual reimbursements per delivery may vary over time, Defendant is relying on the same flawed policy and methodology with respect to all delivery drivers at all of its Papa John's franchise restaurants. Thus, although reimbursement amounts may differ somewhat by time or region, the amounts of under-reimbursements relative to automobile costs incurred are relatively consistent between time and region.

32. The net effect of Defendant's flawed reimbursement policy is that it willfully fails to pay the federal minimum wage to its delivery drivers. Defendant thereby enjoys ill-gained profits at the expense of its employees.

## COLLECTIVE AND CLASS ALLEGATIONS

33.     Plaintiff brings this FLSA claim as an "opt-in" collective action on behalf of similarly situated delivery drivers pursuant to 29 U.S.C. § 216(b).

34.     The FLSA claim may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

35.     Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging Defendant's practice of failing to pay employees federal minimum wage.  The number and identity of other plaintiffs yet to opt-in may be ascertained from Defendant's records, and potential class members may be notified of the pendency of this action via U.S. mail and electronic mail.

36.     Plaintiff and all of Defendant's delivery drivers are similarly situated in that:

   a. They worked as delivery drivers for Defendant delivering pizzas and other food items to Defendant's customers;

   b. They delivered pizzas and food items using automobiles not owned or maintained by Defendant;

   c. Defendant required them to maintain these automobiles in a safe, legally-operable, and insured condition;

   d. They incurred costs for automobile expenses while delivering pizzas and other food items for the primary benefit of Defendant;

   e. They were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

   f. They were subject to the same pay policies and practices of Defendant;

    g. They were subject to the same delivery driver reimbursement policy that underestimates automobile expenses per mile, and thereby systematically deprived of reasonably approximate reimbursements, resulting in wages below the federal minimum wage in some or all workweeks;

    h. They were reimbursed similar set amounts of automobile expenses per delivery; and,

    i. They were paid at or near the federal minimum wage rate before deducting unreimbursed vehicle expenses.

### COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT

37. Plaintiff reasserts and re-alleges the allegations set forth above.

38. At all relevant times herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, *et seq*.

39. The FLSA regulates, among other things, the payment of minimum wage by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.  29 U.S.C. § 206(a).

40. Defendant is subject to the minimum wage requirements of the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in commerce.

41. Plaintiff and Defendant's other delivery drivers were "employees" within the scope and meaning of the FLSA.  29 U.S.C. § 203(e).

42. Under Section 6 of the FLSA, codified at 29 U.S.C. § 206, Plaintiff and Defendant's other delivery drivers have been entitled to be compensated at a rate of at least $7.25 per hour since July 24, 2009.

43.     As alleged herein, Defendant has, and continues to, uniformly reimburse delivery drivers less than the reasonably approximate amount of their automobile expenses to such an extent that it diminishes these employees' wages beneath the federal minimum wage.

44.     Defendant knew or should have known that its pay and reimbursement policies, practices and methodology result in failure to compensate delivery drivers at the federal minimum wage.

45.     Defendant, pursuant to its policy and practice, violated the FLSA by refusing and failing to pay federal minimum wage to Plaintiff and other similarly situated employees.

46.     Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from federal minimum wage obligations.  None of the FLSA exemptions apply to Plaintiff or other similarly situated delivery drivers.

47.     Plaintiff and all similarly situated delivery drivers are victims of a uniform and employer-based compensation and reimbursement policy.  This uniform policy, in violation of the FLSA, has been applied, and continues to be applied, to all delivery driver employees at Defendant's Papa John's franchise restaurants.

48.     Plaintiff and all similarly situated employees are entitled to damages equal to the applicable minimum wage minus actual wages received after deducting reasonably approximated automobile expenses within three years from the date each Plaintiff joins this case, plus periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard for, whether its conduct was unlawful.

49.     Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an

amount equal to the amount of unpaid minimum wages under 29 U.S.C. § 216(b). Alternatively, should the Court find Defendant did not act willfully in failing to pay minimum wage, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

50.  As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, minimum wage compensation has been unlawfully withheld by Defendant from Plaintiff and all similarly situated employees.  Accordingly, Defendant is liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiff and all similarly situated delivery drivers demand judgment against Defendant and request: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury of all issues triable by jury.

Dated: April 23, 2015                                   Respectfully submitted,


By: _____
John R. Kormanik, # 5850
**Kormanik Hallam & Sneed LLP**
206 W. Jefferson Street
Boise, Idaho 83702
Telephone:  (208) 288-1888
Fax:  (866) 821-9543
jrk@khsidaholaw.com

Virginia Stevens Crimmins, *pro hac forthcoming*
**Crimmins Law Firm LLC**
214 S. Spring Street
Independence, Missouri 64050
Telephone:  (816) 974-7220
Fax:  (855) 974-7020
v.crimmins@crimminslawfirm.com

**COUNSEL FOR PLAINTIFFS**